U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 14 PM 12: 26

CLERK

BY ⟨signature⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

SHIRLEY BROWN,

Plaintiff,

v.

JOHN BOYD COATES, III, M.D.,

Defendant.

C.A. No. 2:21-cv-157

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Shirley Brown, and complains against the defendant, John Boyd Coates, III, M.D., as follows:

### INTRODUCTION

1. This is an action for medical negligence, failure to obtain informed consent, fraud, battery, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of contract arising from John Boyd Coates, III, M.D. ("Dr. Coates") choosing to insert his own genetic material into Shirley Brown and choosing to inseminate Shirley Brown with his own genetic material after representing that he would inseminate Shirley Brown using donor genetic material of an unnamed medical student who resembled her husband, James Mullally, and who met specific physical criteria (the "Fraudulent Insemination").

### PARTIES AND OTHERS

2. Plaintiff Shirley Brown is a citizen of the State of Colorado.

3. Defendant John Boyd Coates, III, M.D., is a citizen of the State of Vermont. Defendant Dr. Coates is a Vermont licensed medical doctor. At the time of the Fraudulent Insemination, Defendant Dr. Coates practiced as an obstetrician/gynecologist in central Vermont

and was an attending physician at what was, at the time, Central Vermont Hospital, Inc. ("CVH"), Berlin, Vermont.

4. Mary Mullally, was born on February 14, 1979 at CVH to Plaintiff Shirley Brown as a result of Defendant Dr. Coates' Fraudulent Insemination.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity of citizenship, there being at least $75,000 in controversy, exclusive of interest and costs.

## FACTS

6. Plaintiff Shirley Brown was married to James Mullally on August 3, 1973.

7. Plaintiff Shirley Brown and James Mullally decided that they would like to have a child together.

8. However, James Mullally was sterile from having mumps as a child.

9. Plaintiff Shirley Brown met with Defendant Dr. Coates and explained her desire to conceive a child with her then husband, James Mullally. Defendant Dr. Coates, as a professional service, agreed to artificially inseminate Plaintiff Shirley Brown using donor genetic material (the "Procedure").

10. Defendant Dr. Coates represented to Plaintiff that he would obtain donor genetic material from an unnamed medical student who resembled James Mullally, who met specific characteristics that Plaintiff Shirley Brown required and who had been tested for purposes of being a donor of genetic material for use in donor insemination (the "Representation").

11. The Representation was false and known by Defendant Dr. Coates to be false when he made the Representation.

2

12. Plaintiff believed and relied upon the Representation made by Defendant Dr. Coates.

13. Defendant Dr. Coates required that Plaintiff Shirley Brown undergo testing in advance of the Procedure at CVH. Plaintiff complied with this request.

14. Defendant Dr. Coates performed the Procedure on Plaintiff Shirley Brown approximately 48 times at CVH.

15. Defendant Dr. Coates performed the Procedure in May 1978 at CVH, However, instead of inserting the genetic material pursuant to the Representation, Defendant Dr. Coates inserted his own genetic material into Plaintiff Shirley Brown so as to impregnate her with his own genetic material and thereby be the biological father of her child.

16. Had the plaintiff known that Defendant Dr. Coates would use his own genetic material to insert into Plaintiff Shirley Brown and to inseminate Plaintiff Shirley Brown, she would not have agreed to the Procedure.

17. In June 1978, Plaintiff Shirley Brown learned that she was pregnant.

18. Dr. Woodruff delivered Mary Mullally by cesarean section on February 14, 1979.

19. Defendant Dr. Coates continued to act as Plaintiff Shirley Brown's obstetrician and gynecologist for approximately 16 years after the birth of Mary Mullally.

20. Defendant Dr. Coates knew that the child born as Mary Mullally was his biological daughter but chose to never disclose this fact to plaintiff nor to Mary Mullally until his deposition of March 17, 2021.

21. Defendant Dr. Coates fraudulently and knowingly concealed from Plaintiff Shirley Brown his breach of the terms of the Representation and his choice to use his own genetic material in the Procedure.

22. Defendant Dr. Coates' choice to not disclose to plaintiff that he had chosen to use his own genetic material to impregnate Plaintiff Shirley Brown remained a secret until November 2020, when Mary Mullally used DNA testing in an effort to learn more information about her biological father. In doing research using the results of DNA testing, Mary Mullally determined that Defendant Dr. Coates was her genetic father.

## COUNT I
### Medical Negligence

23. Defendant Dr. Coates was a licensed medical doctor in the State of Vermont providing medical treatment that required a degree of medical skill and professional judgment.

24. Defendant Dr. Coates had a duty to Plaintiff Shirley Brown to provide healthcare consistent with the degree of knowledge or skill possessed or the degree of care ordinarily exercised by a reasonably skillful, careful and prudent healthcare professional engaged in a similar practice under the same or similar circumstances whether or not within the State of Vermont.

25. Defendant Dr. Coates failed to exercise this required degree of care when he chose to insert his own genetic material into Plaintiff Shirley Brown and to inseminate Plaintiff Shirley Brown with his own genetic material after making the Representation.

26. As a proximate result of Defendant Dr. Coates' failure to exercise the requisite degree of care, Plaintiff Shirley Brown suffered injuries that she would not otherwise have incurred.

## COUNT II
### Failure to Obtain Informed Consent

27. In providing professional medical treatment, Defendant Dr. Coates failed to disclose to Plaintiff Shirley Brown that he was choosing to breach the terms of the

Representation and was choosing to use his own genetic material to inseminate Plaintiff Shirley Brown during the Procedure.

28. Defendant Dr. Coates' use of his own genetic material prevented Plaintiff Shirley Brown from making a knowledgeable evaluation of the reasonably foreseeable risks associated with this Procedure.

29. A reasonable medical professional in like or similar circumstances would have disclosed that he was using his own genetic material to inseminate the patient and would not have performed the Procedure.

30. Defendant Dr. Coates neither sought nor obtained Plaintiff's consent to insert his own genetic material into Plaintiff Shirley Brown or to inseminate Plaintiff Shirley Brown with his own genetic materials.

31. Defendant Dr. Coates withheld accurate information as to the origins of the genetic material that he chose to insert into Plaintiff Shirley Brown as part of the Procedure.

32. Defendant Dr. Coates chose to withhold the information as to the origin of the genetic material he chose to insert into Plaintiff Shirley Brown despite Plaintiff Shirley Brown's specific and reasonable requests for genetic material that met specific criteria.

33. Neither Plaintiff Shirley Brown nor a reasonable person in her circumstances would have consented to the Procedure had Defendant Dr. Coates not chosen to provide them with accurate and truthful information.

## COUNT III
### Fraud

34. When Defendant Dr. Coates made the Representation to Plaintiff Shirley Brown, Defendant Dr. Coates knew that Plaintiff Shirley Brown would not have allowed him to go forward with the Procedure unless he made the Representation.

35. Plaintiff would not have consented to the Procedure had Defendant Dr. Coates informed her that he was choosing to breach the terms of the Representation and instead was choosing to insert his own genetic material into Plaintiff Shirley Brown, to inseminate Plaintiff Shirley Brown with his own genetic material and was choosing to father a child through Plaintiff Shirley Brown.

36. Defendant Dr. Coates' Representation was false and known by him to be false when made.

37. Defendant Dr. Coates intended and knew that Plaintiff Shirley Brown would rely on his false Representation in agreeing to go forward with the Procedure.

38. Plaintiff Shirley Brown did not know that Defendant Dr. Coates' Representation was false, and justifiably relied upon and trusted Defendant's Representation as a condition of Plaintiff Shirley Brown undergoing the Procedure.

### COUNT IV
### Battery

39. Defendant Dr. Coates intended to insert his own genetic material into Plaintiff Shirley Brown and intended to inseminate Plaintiff Shirley Brown with his own genetic material during the Procedure.

40. Plaintiff Shirley Brown did not consent to Defendant Dr. Coates inserting his own genetic material into her or to Defendant Dr. Coates inseminating her with his own genetic material.

41. Defendant Dr. Coates' choice to insert his own genetic material into Plaintiff Shirley Brown and his choice to inseminate Plaintiff Shirley Brown with his own genetic material was harmful, offensive and constituted a battery upon Plaintiff Shirley Brown.

## COUNT V
### Negligent Infliction of Emotional Distress

42. Defendant Dr. Coates had a professional relationship with Plaintiff Shirley Brown and had undertaken an obligation to Plaintiff Shirley Brown of a nature that necessarily implicated the well-being of Plaintiff Shirley Brown.

43. Plaintiff Shirley Brown suffered a physical impact from the external force exerted by Defendant Dr. Coates.

44. There was an especially likely risk that Defendant Dr. Coates' negligent conduct would cause serious emotional distress to the Plaintiff Shirley Brown.

45. The negligent actions and omissions of Defendant Dr. Coates as set out in this Complaint in breach of his obligation to the plaintiff in fact caused plaintiff physical impact which led to serious emotional distress.

## COUNT VI
### Intentional Infliction of Emotional Distress

46. The conduct of Defendant Dr. Coates as set out in this Complaint was outrageous.

47. The conduct of Defendant Dr. Coates was intentional.

48. The conduct of Defendant Dr. Coates caused Plaintiff Shirley Brown severe emotional distress.

## COUNT VII
### Breach of Contract

49. Defendant Dr. Coates offered to enter into a contract with Shirley Brown under the terms of the Representation.

50. Plaintiff Shirley Brown accepted Defendant Dr. Coates' offer to perform the Procedure pursuant to the Representation, thus creating a contract (the "Contract") pursuant to the terms of the Representation.

51.     Per the Contract, Plaintiff Shirley Brown paid Defendant Dr. Coates for the donor genetic material pursuant to the Representation and for his professional services in performing the Procedure.

52.     Defendant Dr. Coates breached the Contract with plaintiff by choosing to use his own genetic material instead of adhering to the Representation.

53.     Defendant Dr. Coates breached the Contract with Plaintiff Shirley Brown by choosing to insert his own genetic material into Plaintiff Shirley Brown by inseminating Plaintiff Shirley Brown with his own genetic material during the Procedure.

### Fraudulent Concealment

54.     Plaintiff Shirley Brown is a person entitled to bring the action set out in this Complaint but was prevented from doing so until November 2020 by the fraudulent concealment of these causes of action by Defendant Dr. Coates.

### Compensatory Damages

55.     The actions and inactions of Defendant Dr. Coates as set out in this Complaint proximately caused damage to the plaintiff for which she is entitled to compensation.

### Exemplary Damages

56.     The actions of Defendant Dr. Coates as described in this Complaint were done by Defendant Dr. Coates recklessly or wantonly without regard for the rights of Plaintiff Shirley Brown, were outrageously reprehensible, had the character of outrage frequently associated with a crime and were done with malice, thereby entitling plaintiff to exemplary damages.

WHEREFORE, Plaintiff Shirley Brown demands compensatory damages in excess of $75,000, the minimum jurisdictional amount of this Court, and exemplary damages in an amount

to be determined by the jury, together with interest, attorneys' fees and such other relief as may be available to her.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

SHIRLEY BROWN

By Her Attorneys:

PRIMMER PIPER EGGLESTON & CRAMER, PC

Dated: June 10, 2021

Gary M. Burt, ERN 5757
900 Elm Street, 19th Floor
PO Box 3600
Manchester, NH 03105
(603) 626-3300
gburt@primmer.com